UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ANTHONY MURPHY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNNAMED POLICE OFFICER'S SIOUX FALLS SOUTH DAKOTA POLICE DEPARTMENT, UNITED STATES ATTORNEY'S OFFICE,<br><br>　　　　　Defendants. | 4:16-CV-04137-KES<br><br><br>ORDER DISMISSING CASE |

## INTRODUCTION

Plaintiff, James Anthony Murphy, is an inmate at the Oxford Correctional Institution in Oxford, Wisconsin. On September 19, 2016, he filed a complaint under 42 U.S.C. § 1983. Docket 1. The court ordered Murphy to give notice whether he was seeking habeas relief, and, if he meant to proceed with his § 1983 claims, to pay an initial partial filing fee. Docket 4. Murphy has given the court notice that he wishes to proceed under § 1983, Docket 5, and paid his initial partial filing fee. Docket 6. The court has screened Murphy's complaint under 28 U.S.C. § 1915A. For the following reasons Murphy is granted in forma pauperis status, and his complaint is dismissed.

## FACTUAL BACKGROUND

In March 2014, Murphy visited a website called "back page" that offers what Murphy calls "Adult services and entertainment . . . ." Docket 1 ¶¶ 4-5.

Murphy clicked on an advertisement that led him to a site that advertised "Too Hot Young Girls." *Id.* ¶¶ 6-7. Murphy alleges that he did not know what the website was but emailed the owner of the listing, who then sent him pictures of "available" women. *Id.* ¶¶ 6-8. Murphy alleges that he refused the "offer," but the owner kept calling and emailing Murphy. *Id.* ¶ 9. The owner of the website was an undercover Sioux Falls police officer. *Id.*

After receiving multiple calls and emails, Murphy agreed to meet the website owner. *Id.* ¶ 10. Murphy alleges that once he met the website owner and learned the age of "the person whom would be meeting with him," he tried to leave. *Id.* ¶ 11. Murphy alleges he was held against his will. *Id.* His complaint does not state what happened next, but Murphy eventually pleaded guilty, *id.* ¶ 12, and is now serving a 24 month sentence. *Id.* ¶ 1.

On September 19, 2016, Murphy filed this complaint raising three claims. Docket 1. The court, noting that his claims were likely barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)), ordered him to give notice whether he was seeking habeas relief or wished to proceed with his claims under § 1983. Docket 4. Murphy gave notice that he wished to proceed with his claims under § 1983. Docket 5.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*,

2

551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

### I.   Motion for Leave to Proceed in Forma Pauperis

Because it was not clear whether Murphy meant to file a § 1983 complaint or whether he sought habeas relief, the court provisionally granted Murphy leave to proceed in forma pauperis. Now that Murphy states that he wishes to proceed with his claims under § 1983, the court determines whether to grant him leave to proceed in forma pauperis.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment

3

plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

In addition to the initial partial filing fee that Murphy has already paid, he must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, the remaining installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Murphy is responsible for the entire filing fee, as long as he is a prisoner, even though the case is dismissed. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.   Screening Under § 1915A

Murphy alleges that he was arrested without probable cause, that he was entrapped by defendants, and that he is innocent. *Id.* ¶¶ 12, 15-16. These claims are barred by *Heck*, 512 U.S. at 487. Under *Heck*, "When 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . .' § 1983 is not an available remedy." *Skinner v. Switzer*, 562

4

U.S. 521, 533 (2011) (quoting *Heck*, 512 U.S. at 487). A finding that Murphy was arrested without probable cause, the he was entrapped by defendants, and that he was innocent would "necessarily imply the invalidity of his conviction." Therefore, Murphy's claims are *Heck* barred and are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

Thus, it is ORDERED

1. Murphy's motion for leave to proceed in forma pauperis (Docket 2) is granted.
2. Murphy's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.
3. The clerk of the court is directed to send a copy of this order to the appropriate official at plaintiff's institution.
4. Murphy's complaint (Docket 1) is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

Dated October 17, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE